The opinion of the Court was drawn up by
Rice, J.
Exceptions to the acceptance of the report of referees. The case was referred by rule of Court to three referees, who were all present and participated at the hearing of the parties. Two of the referees only concurred in the report as it was presented to the Court. But it did not appear from the report, as originally presented, that the three were in fact present and participated at the hearing. This was an irregularity. R. S., c. 108, § 7; Peterson v. Loring, 1 Maine, 64; Short v. Pratt, 6 Mass., 496.
On motion, and for the specific purpose of enabling the referees, who signed the report, to amend the same according to the admitted fact, it was recommitted. The act authorized by the Court was purely ministerial. It authorized no hearing of parties and required no deliberation of the referees. They wrere only authorized to certify to facts which had already transpired, at a hearing when all were present. The substance of the award could not be changed in the slightest particular. It is not, therefore, perceived that any injury could, by possibility, have resulted from the course pursued. The presence of the dissenting referee could not have changed facts, the . existence of which were *66 conceded, and to which the concurring referees were simply authorized to certify in their report.
As to the motion, the statute does not provide for a report of evidence to be certified by referees to this Court. If it were so, this report does not purport to be certified by the board of referees, nor by the chairman in behalf of the board. Nor does the chairman, in his own behalf, certify it as a full report of the evidence, but as the " substance of all the evidence in the hearing before the referees according to my minutes taken at the time, and my best recollection.”
Such a report, if certified by a member of the Court on a motion for a new trial, would be insufficient. Lakeman v. Pollard, 43 Maine, 463.
It is necessary in motions for new trials, on the ground of newly discovered evidence, not only to present the evidence alleged to have been newly discovered, but also a full report of the evidence produced on the former trial, that the Court may be able to determine whether the additional facts proposed to be proved, are in fact new evidence, and also whether, if admitted in connection with that before in the case, a different result would have been produced. It should also be made to appear, that reasonable diligence had been used to discover and produce the alleged new evidence at the former trial. In all these particulars, the party asking the new trial is deficient. These deficiencies Would defeat the motion, were that part of the case properly before us.

Exceptions and motion overruled.

Appleton, C. J., Cutting, Davis, Kent and Walton, JJ., concurred.